LILLIAN B. (SHIPPLEY) NAPLES, PROSECUTOR, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, DEFENDANT.

Submitted January 27th, 1934—Decided March 27, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Osborne, Cornish & Scheck* (*Harry V. Osborne* and *Charles A. Malloy*).

For the defendant, *William A. Stevens,* attorney-general (*Theodore Backes* and *Walter H. Bacon, Jr.*).

BODINE, J.    The prosecutor was appointed a clerk-typist in the state highway department May 2d, 1927.    She was laid off by reasons of economy on August 1st, 1933.    A clerk whose employment commenced three days later was also laid off, but she has been re-employed.    So also has a young man subsequently employed.

It is of course obvious that the rules require that in the absence of satisfactory service ratings the persons last appointed shall be first laid off.    Three days seniority would of course be a determining factor, were it not for the circumstance that the civil service commission found that the appointment of both clerks was given consideration at the same time and the difference in time of service was due to the peculiar circumstances applying to each case and not intended to determine seniority.    Perhaps a mere difference in time of reporting for service.    At all events prosecutor has not seen fit to print in the case the record and correspondence upon which the judgment of the commission was based.    The record is also silent on the precise facts as well as to the reasons for the preference afforded to the male clerk-typist subsequently appointed.    But the finding is based upon the assertion of the department's privilege to express a preference because of the duties to be performed.

While the record before us is attenuated we are loth to disturb the findings of the civil service commission since they appear to have good reasons for the action taken.

The writ will be dismissed.